

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 19, 1957

Hon. Zollie Steakley
Secretary of State
Capitol Station
Austin, Texas

OPINION NO. WW-260

Re: Proper construction of
House Bills 270 and 268
of the 55th Legislature
relating to exemptions
for corporations from the
payment of franchise tax.

Dear Mr. Steakley:

You request the opinion of this office upon the question presented in your letter of August 9, 1957, which reads as follows:

"The opinion of your office is requested concerning the proper construction of House Bills 270 and 268, Acts of the 55th Legislature, each of which is in the form of an amendment to Article 7094.

"House Bill 270 became effective upon the approval of the Governor on May 6, 1957; House Bill 268 became effective upon the approval of the Governor on May 31, 1957. The dates of approval by the Governor in each instance followed the course of the Bills through the Legislature.

"The problem involves the exemption in House Bill 270 read: 'Corporations having no capital stock and organized for the exclusive purpose of promoting the public interest of any city, town, county or other area within the State.' House Bill 270 was obviously enacted to extend this exemption to 'county or other area' Chambers of Commerce, as well as other corporations which might qualify.

"House Bill 268 was obviously enacted to exempt 'non-profit corporations having no capital stock organized for the purpose of education of the public in the protection and conservation of fish, game and other wildlife, grass lands and forests.'

"However, House Bill 268 omits the language
'or other area within the State' in the
exemption of corporations organized for
the exclusive purpose of promoting the
public interest.  House Bill 268 became ef-
fective subsequent to House Bill 270.

"I am inclined to read these statutes
in pari materia and give effect to both,
since to hold otherwise would seem to
defeat obvious Legislative intent.  How-
ever, I feel that I should have your
official opinion since the question does
involve an exemption from the franchise
tax, even though of a very minor nature."

Both Bills (House Bill 270 and House Bill 268)
amended Article 7094, Vernon's Civil Statutes.  To answer
your question, we do not deem it necessary to set out these
respective Bills.  They were both passed at the same Session
of the Legislature; namely, the 55th, 1957, and both passed
with the required record vote to make them effective upon
approval by the Governor.

House Bill 270, Acts 1957, p. 353, became effective
May 6, 1957.  House Bill 268, Acts 1957, p. 790, became effec-
tive May 31, 1957.  House Bill 270, the latter Bill, has a
provision repealing only prior provisions in conflict with it.
Therefore, under well settled rules, unless there is a con-
flict with some provision of House Bill 268, both may stand
as written and both given full effect.  As the two Bills
were passed at the same Session of the Legislature and bear
on the same subject, we should construe them in pari materia
and treat them as in effect one Bill.  The Supreme Court, in
the case of State v. Dyer, 145 Tex. 586, 200 S.W. 2d 813,
states the rule clearly in this language:

"The rule most helpful in the determi-
nation of the question presented in this
case, is thus expressed in a very early
decision: 'These statutes, being in pari
materia, and relating to the same subject,
are to be taken together and so construed,
in reference to each other, as that, if
practicable, effect may be given to the
entire provisions of each. * * * The
object of the rule is to ascertain and
carry into effect the intention of the
Legislature, and it proceeds upon the

supposition that the several statutes
relating to one subject were governed by
one spirit and policy, and were intended
to be consistent and harmonious in their
several parts and provisions.' Neill v.
Keese, 5 Tex. 23, 32, 33, 51 Am. Dec. 746.

". . . It applies with peculiar force to
Acts passed at the same session. McGrady
v. Terrell, 98 Tex. 427 430-431, 84 S.W.
641.  As to such Acts, it has often been
held that the court, in seeking the legis-
lative intent, will read them together as
if they were embraced in one Act."

In Austin v. G.C. & S.F.R.R. Co., 45 Tex. 234,
266 (1876), two acts amending a prior enactment had been
passed at the same session of the Legislature.  Each
amendatory act excepted certain counties, but the excep-
tions in each act included counties not listed in the
other.  The court held that the acts were not in conflict,
stating:

"Under the general rule of statutory
construction, laws relating to the same
subject, enacted during the same session
of the Legislature, are to be construed
together, and are ordinarily to be taken
as parts of the same act. . . .Un-
questionably these acts must be construed
together, and effect given to their entire
provisions, if they are not in direct
conflict.  . . . But it cannot be said,
because the exceptions in the one are
broader and more enlarged than in the
other, that there is any such conflict
between them."

The two Bills vary only slightly.  House Bill 270
contains the phrase "or other area within the State" which
is not present in House Bill 268.  Paraphrasing the language
in the Austin case, it cannot be said, because the exemption
in House Bill 270 is broader than in House Bill 268, that
there is a direct conflict between them.  Both Bills are on
the same subject, were passed at the same session of the
Legislature, and should be construed together and both
given effect unless there is a conflict, and we see none.

Hon. Zollie Steakley    Page 4   Opinion No. WW-260

## S U M M A R Y

There is no conflict between House Bill 270
amending Article 7094 of Vernon's Civil
Statutes and House Bill 268 amending the
same Article.  These two Bills are on the
same subject and were passed at the same
session of the Legislature, and when con-
strued together are not in conflict and
both should be given full effect as one
law.

Very truly yours

WILL WILSON
Attorney General

By: L. P. LoMar
    Assistant

LPL/fb

APPROVED:

OPINION COMMITTEE

George P. Blackburn, Chairman

Mary Kate Wall

W. R. Hemphill

Roger Daily

REVIEWED FOR THE ATTORNEY GENERAL

By:  James N. Ludlum